UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SIERRA CLUB<br>85 Second St. 2nd Floor<br>San Francisco, CA 94105,<br><br>     Plaintiff,<br><br>vs.<br><br>LISA P. JACKSON<br>in her Official Capacity as<br>Administrator<br>United States Environmental Protection Agency<br>Ariel Rios Building<br>1200 Pennsylvania Avenue, N.W.<br>Washington, DC 20460<br><br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. No.-<br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

**I. INTRODUCTION**

1.      Ground-level ozone ("ozone") pollution, commonly referred to as smog, represents a

serious air quality problem in many parts of the United States.  Exposure to ozone pollution

causes numerous respiratory problems, including asthma, pneumonia and bronchitis.  The

detrimental effects are not limited to public health.  Ozone pollution also interferes with

vegetation's ability to properly function.  This results in decreased crop yields and damage to

native ecosystems.

2.      To protect against these and other adverse affects on human health and welfare, the

United States Environmental Protection Agency first promulgated a National Ambient Air

Quality Standard for ozone in 1979 ("1-Hour Ozone standard"). Areas were designated as "nonattainment" for the 1-Hour Ozone standard pursuant to the 1990 Amendments to the Clean Air Act and required to submit state implementation plans on how to clean up their air. The contents to be included in such state implementation plans are determined by a graduated classification system – based on the degree of an area's exceedance of the 1-Hour Ozone standard – established in the Clean Air Act.

3.      This graduated system also establishes dates by which the nonattainment areas must demonstrate that their air quality complies with, or "attains," the National Ambient Air Quality Standard. This is often referred to as the "attainment date." Under the Clean Air Act, the Administrator of the Environmental Protection Agency has a mandatory duty to make, within six months of the attainment date, and publish in the Federal Register a determination as to whether an area has in fact attained the National Ambient Air Quality Standard by the applicable attainment date. The Administrator of the Environmental Protection Agency has failed to do so for all or part of at least six areas designated nonattainment for the 1-Hour Ozone standard. Accordingly, Plaintiff SIERRA CLUB files this lawsuit against Defendant LISA P. JACKSON, in her capacity as Administrator of the Environmental Protection Agency ("EPA"), to challenge her failure to perform this mandatory duty for these six areas.

## II. JURISDICTION

4.      This case is a Clean Air Act citizen suit. Therefore, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 7604(a)(2) (citizen suits for failure to perform a non-discretionary duty required by the Clean Air Act).

5.      An actual controversy exists between the parties. This case does not concern federal taxes, is not a proceeding under 11 U.S.C. §§ 505 of 1146, and does not involve the Tariff Act of

1930. Thus, this Court has authority to order the declaratory relief requested under 28 U.S.C. §

2201. If the Court orders declaratory relief, 28 U.S.C. § 2202 authorizes this Court to issue

injunctive relief.

### III. NOTICE

6.      On August 17, 2009, Sierra Club mailed to EPA by certified mail, return receipt

requested, written notice of intent to sue regarding the violations alleged in this Complaint.

More than sixty days have passed since EPA received notice of this intent to sue letter.  EPA has

not remedied the violations alleged in this Complaint.  Therefore, a present and actual

controversy exists.

### IV. VENUE

7.      This civil action is brought against an officer of the United States acting in her official

capacity.  EPA is headquartered in this judicial district.  Furthermore, Defendant Lisa P. Jackson

officially resides in the District of Columbia.  In addition, a substantial part of the events or

omissions giving rise to the claims in this case occurred in the District of Columbia.

Accordingly, venue is proper in this Court pursuant to 28 U.S.C. § 1391(e).

### V. PARTIES

8.      Plaintiff SIERRA CLUB is a national grassroots nonprofit conservation organization

formed in 1892. Sierra Club's purpose includes practicing and promoting the responsible use of

earth's ecosystems and resources, and protecting and restoring the quality of the natural and

human environment.

9.      Sierra Club has over 750,000 members nationally.  Members and staff of Sierra Club

live, work, recreate, and travel throughout the areas at issue in this case and will continue to do

so on a regular basis.  Ozone in the affected areas threatens, and will continue to threaten, the

health and welfare of the Sierra Club's staff and members.  Sierra Club staff's and members', as well as the public's, ability to enjoy the aesthetic qualities and recreational opportunities is diminished in the respective areas impacted by ozone pollution.

10.    EPA's failure to timely perform the mandatory duties described herein also adversely affects the Sierra Club's staff and members, depriving them of procedural protection and opportunities as well as information which they are entitled to under the Clean Air Act.  The failure of EPA to perform the mandatory duties also creates uncertainty for Sierra Club's staff and members as to whether they are exposed to excess air pollution.

11.    The above injuries will continue until the Court grants the relief requested herein.

12.    Defendant LISA P. JACKSON is the Administrator of the United States Environmental Protection Agency.  In that role Administrator Jackson has been charged by Congress with the duty to administer the Clean Air Act, including the mandatory duties at issue in this case.

## VI.  GENERAL ALLEGATIONS

13.    Congress enacted the Clean Air Act to "speed up, expand, and intensify the war against air pollution in the United States with a view to assuring that the air we breathe throughout the Nation is wholesome once again."  H.R.Rep. No. 1146, 91st Cong., 2d Sess. 1,1, 1970 U.S.Code Cong. & Admin. News 5356, 5356.  To promote this, the Act requires EPA to set National Ambient Air Quality Standards for certain pollutants, including ozone.  National Ambient Air Quality Standards establish maximum allowable concentrations in the air of these pollutants.

14.    Each National Ambient Air Quality Standard must be stringent enough to protect public health and welfare.  Effects on welfare include, but are not limited to, effects on soils, water, vegetation, manmade materials, wildlife, visibility (i.e., haze), climate, damage to property, economic impacts and effects on personal comfort and well-being.

4

15.     Pursuant to 42 U.S.C. § 7407(d)(1)(A), areas that fail to meet the National Ambient Air Quality Standard for a pollutant are designated "nonattainment" for that pollutant, while those that meet the standard are designated "attainment." See e.g., Sierra Club v. E.P.A., 129 F.3d 137, 138 (D.C. Cir. 1997).

16.     EPA first promulgated a National Ambient Air Quality Standard for photochemical oxidants, a form of which is ozone, in 1971.  36 Fed. Reg. 8187 (April 30, 1971).  EPA amended this standard in 1979 to focus on the ozone form.    44 Fed. Reg. 8202 (Feb. 8, 1979).  At the time of this promulgation, areas had until December 31, 1987 to attain the standard.  See South Coast Air Quality Management Dist. v. E.P.A., 472 F.3d 882, 886 (D.C. Cir. 2006) (citing Pub. L. No. 95-95, § 129(b), 91 Stat. 685, 746-47 (codified at 42 U.S.C. § 7502(a)(2) (amended 1990))) (Amendments to the Clean Air Act in 1977 extended the attainment dates for all "criteria" pollutants, which includes ozone, until December 31, 1987).  The 1979 ozone National Ambient Air Quality Standard is commonly referred to as the "1-Hour Ozone" standard.

17.     On November 15, 1990, Congress again amended the Clean Air Act ("1990 Amendments").  The 1990 Amendments required EPA to designate as nonattainment any area that violated the 1-Hour Ozone standard based on the area's air quality data from 1987 to 1989. 42 U.S.C. § 7407(d)(4); see also 56 Fed. Reg. 56694, 56697 (Nov. 6, 1991) ("The primary years the EPA used for purposes of designations and classifications . . . were 1987-1989 . . . for ozone").

18.     Each 1-Hour Ozone nonattainment area was classified as a Marginal, Moderate, Serious, Severe or Extreme nonattainment area according to the area's design value.  See 42 U.S.C. § 7511(a)(1), Table 1;  see also 56 Fed. Reg. 56694, 56696 (Nov. 6, 1991) (Table splitting "Severe" into "Severe-15" and "Severe-17" classifications).

19.     The 1-Hour Ozone standard nonattainment areas must attain the standard by a statutorily-established date based on its classification, unless such date is extended by EPA.   See 42 U.S.C. § 7511(a)(1), Table 1.

20.     The Houston-Galveston-Brazoria area is classified as a "Severe-17" nonattainment area for the 1-Hour Ozone standard under 42 U.S.C. § 7511(a)(1).  40 C.F.R. § 81.344 (2010).

21.     The attainment date for the Houston-Galveston-Brazoria area is November 15, 2007.  See 66 Fed. Reg. 57160 (Nov. 14, 2001) (EPA's approval of the Houston-Galveston-Brazoria area's attainment demonstration State Implementation Plan recognizing an attainment date of November 15, 2007 for the 1-Hour Ozone Standard).

22.     The Baltimore area is classified as a "Severe-15" nonattainment area for the 1-Hour Ozone standard under 42 U.S.C. § 7511(a)(1).  40 C.F.R. § 81.321 (2010).

23.     The attainment date for the Baltimore area is November 15, 2005.  See 66 Fed. Reg. 54666 (October 30, 2001) (EPA's proposed approval of the Baltimore area's attainment demonstration State Implementation Plan recognizing an attainment date of November 15, 2005).

24.     The New York portion of the New York-Northern New Jersey-Long Island area is classified as a "Severe 17" nonattainment area for the 1-Hour Ozone standard under 42 U.S.C. § 7511(a)(1).  40 C.F.R. § 81.333 (2010).

25.     The attainment date for the New York portion of the New York-Northern New Jersey-Long Island area is November 15, 2007.  See 40 C.F.R. § 52.1683(i)(6) (state implementation plan revisions "establish an attainment date of November 15, 2007 for the New York-Northern New Jersey-Long Island ozone nonattainment area"); 67 Fed. Reg. 5170, 5174 (Feb. 4, 2002) (EPA's approval of New York's attainment demonstration state implementation plan addressing

6

its portion of the New York-Northern New Jersey-Long Island area recognizing an attainment date of November 15, 2007).

26.    The New Jersey portion of the New York-Northern New Jersey-Long Island area is classified as a "Severe 17" nonattainment area for the 1-Hour Ozone standard under 42 U.S.C. § 7511(a)(1).  40 C.F.R. § 81.331 (2010).

27.    The attainment date for the New Jersey portion of the New York-Northern New Jersey-Long Island is November 15, 2007.  See 67 Fed. Reg. 5152, 5156 (February 4, 2002) (approval of New Jersey's attainment demonstration state implementation plan addressing its portion of the New York-Northern New Jersey-Long Island area recognizing an attainment date of November 15, 2007).

28.    The Connecticut portion of the New York-Northern New Jersey-Long Island area is classified as a "Severe 17" nonattainment area for the 1-Hour Ozone standard under 42 U.S.C. § 7511(a)(1).  40 C.F.R. § 81.307 (2010).

29.    The attainment date for the Connecticut portion of the New York-Northern New Jersey-Long Island area is November 15, 2007.  See 66 Fed. Reg. 63921, 63933 (Dec. 11, 2001) (EPA's approval of Connecticut's attainment demonstration state implementation plan addressing its portion of the New York-Northern New Jersey-Long Island area recognizing an attainment date of November 15, 2007).

30.    The Springfield (Western Massachusetts) area is classified as a "Serious" nonattainment area for the 1-Hour Ozone standard under 42 U.S.C. § 7511(a)(1).  40 C.F.R. § 81.322 (2010).

31.    The attainment date of the 1-Hour Ozone standard for the Springfield (Western Massachusetts) area is December 31, 2003.  40 C.F.R. § 52.1129(b) (2009); see also 66 Fed. Reg. 666, 693-94 (Jan. 3, 2001).

32.     The Greater Connecticut area is classified as a "Serious" nonattainment area for the 1-Hour Ozone standard under 42 U.S.C. § 7511(a)(1).  40 C.F.R. § 81.307 (2010).

33.     The attainment date of the 1-Hour Ozone standard for the Greater Connecticut area is November 15, 2007.  40 C.F.R. § 52.377(b) (2010); see also 66 Fed. Reg. 634 (Jan. 3, 2001).

34.     The New Hampshire portion of the Boston-Lawrence-Worcester area is designated as a "Serious" nonattainment area for the 1-Hour Ozone standard under 42 U.S.C. § 7511(a)(1).  40 C.F.R. § 81.330 (2010).

35.     The attainment date of the 1-Hour Ozone standard for the New Hampshire portion of the Boston-Lawrence-Worcester area is November 15, 2007.  40 C.F.R. § 52.1534(b) (2009); see also 67 Fed. Reg. 72574 (Dec. 6, 2002).

36.     The Massachusetts portion of the Boston-Lawrence-Worcester (Eastern Massachusetts) area is designated as a "Serious" nonattainment area for the 1-Hour Ozone standard under 42 U.S.C. § 7511(a)(1).  40 C.F.R. § 81.322 (2010).

37.     The attainment date of the 1-Hour Ozone standard for the Massachusetts portion of the Boston-Lawrence-Worcester (Eastern Massachusetts) area is November 15, 2007.  40 C.F.R. § 52.1129(d) (2009); see also 67 Fed. Reg. 72574 (Dec. 6, 2002).

38.     Pursuant to 42 U.S.C §§ 7509(c)(1) and 7511(b)(2)(A), EPA has a mandatory duty to determine within six months after the applicable attainment date whether an ozone nonattainment area has attained a National Ambient Air Quality Standard by the applicable attainment date.

39.     If EPA finds that an area designated severe or higher for the 1-Hour Ozone standard "failed to attain the national primary ambient air quality standard for ozone by the applicable attainment date," all major sources of volatile organic compounds ("VOCs") are required to "pay

a fee to the State . . . until the area is redesignated as an attainment area for ozone." 42 U.S.C. § 7511d(a).

40.     Moreover, this provision, 42 U.S.C. § 7511d(a), "shall also apply to major stationary sources . . . of oxides of nitrogen." 42 U.S.C. § 7511a(f)(1).

41.     Additionally, if EPA determines that an area classified as serious or lower has failed to attain the 1-Hour Ozone standard by the applicable attainment date, the area is reclassified by operation of law to a higher classification. 42 U.S.C. § 7511(b)(2)(A).

42.     In the final rule implementing the 1997 8-Hour Ozone National Ambient Air Quality Standard, EPA revoked the requirements of the 1-Hour Ozone standard. See 69 Fed. Reg. 23951, 23954 (April 30, 2004) ("Phase 1 Rule") (The 1-Hour Ozone standard will be revoked "in full, including the associated designations and classifications, 1 year following the effective date of the designations for the 8-hour [National Ambient Air Quality Standard]").

43.     As a result of the revocation, EPA decided it would "no longer make findings of failure to attain the 1-hour standard" and therefore would not reclassify areas to higher classifications based on such findings.  69 Fed. Reg. 23951, 23956 (April 30, 2004), codified at 40 C.F.R. § 51.905(e)(2).

44.     However, the District of Columbia Circuit Court of Appeals vacated portions of the Phase 1 Rule.  See South Coast Air Quality Management Dist. v. E.P.A., 472 F.3d 882 (D.C. Cir. 2006) reh'g denied 489 F.3d 1245 (D.C. Cir. 2007) (clarifying the vacatur of the Phase 1 Rule is limited to issues on which the Court granted petitions for review, which includes EPA's revocation of the 1-Hour Ozone standard).

45.     Regarding the portion of the Phase 1 Rule revoking the 1-Hour Standard, the Court points out, "EPA retains the authority to revoke the one-hour standard so long as adequate anti-

backsliding provisions are introduced" pursuant to the anti-backsliding provision of the Clean

Air Act, 42 U.S.C. § 7502(e).  South Coast, 472 F.3d at 899.

46.     Thus, the Court in South Coast recognized that certain EPA duties regarding the 1-Hour

Ozone standard still apply, stating "EPA must determine its procedures *after* it has identified

what findings must be made under the Act."  South Coast, 489 F.3d at 903 (emphasis in

original).

47.     EPA acknowledges that the Clean Air Act requires EPA to make a determination as to

whether an area designated as nonattainment for the 1-Hour Ozone standard has attained that

standard by the applicable attainment date.  See 74 Fed. Reg. 2936, 2942 n.16 (Jan. 16, 2009).

48.     Moreover, the penalties under 42 U.S.C. §§ 7511d(a) and 7511a(f)(1) described in

paragraphs 43 and 44 are still applicable.  South Coast, 489 F.3d at 903.

49.     The South Coast decision vacated 40 C.F.R. § 51.905(e)(2).  See generally 74 Fed. Reg.

2936, 2941 (Jan. 16, 2009).  See also 75 Fed. Reg. 6570 (Feb. 10, 2010); 75 Fed. Reg. 27514

(May 17, 2010); 74 Fed. Reg. 15864 (April 8, 2009); 74 Fed. Reg. 63993 (Dec. 7, 2009).

### V. CLAIMS FOR RELIEF

### CLAIM ONE
(EPA's Failure to Make a Determination of Attainment by the
Applicable Attainment Date for Nonattainment Areas
Classified as Severe or Higher for the 1-Hour Ozone Standard)

50.     Plaintiff incorporates by reference paragraphs 1 through 49.

51.     Pursuant to 42 U.S.C §§ 7509(c)(1) and 7511(b)(2)(A), EPA has a mandatory duty to

determine "not later than 6 months after [the applicable attainment date]" whether an area

designated as nonattainment for ozone has attained the National Ambient Air Quality Standard.

52.     EPA also has a mandatory duty to publish notice in the Federal Register of its determination as to whether an area has attained a National Ambient Air Quality Standard pursuant to 42 U.S.C. §§ 7509(c)(2) and 7511(b)(2)(B).

53.     These duties still apply to the 1-Hour Ozone National Ambient Air Quality Standard. See e.g. 42 U.S.C. § 7502(e).

54.     The Houston-Galveston-Brazoria area in Texas is classified as a "Severe-17" nonattainment area for the 1-Hour Ozone standard under 42 U.S.C. § 7511(a)(1).  40 C.F.R. § 81.344 (2010).

55.     The Houston-Galveston-Brazoria area has an attainment date of November 15, 2007 for the 1-Hour Ozone standard.  See 66 Fed. Reg. 57160 (Nov. 14, 2001).

56.     Thus, pursuant to 42 U.S.C §§ 7509(c)(1) and 7511(b)(2)(A) EPA is required to determine by no later than May 15, 2008 whether the Houston-Galveston-Brazoria area attained the 1-Hour Ozone National Ambient Air Quality Standard by the applicable attainment date.

57.     EPA is required to publish notice of this determination in the Federal Register.  42 U.S.C. §§ 7509(c)(2) and 7511(b)(2)(B).

58.     EPA has failed to make the required attainment determination for the Houston-Galveston-Brazoria area.

59.     EPA has also failed to publish notice of this determination in the Federal Register.

60.     The Baltimore area in Maryland is classified as a "Severe-15" nonattainment area for the 1-Hour Ozone standard under 42 U.S.C. § 7511(a)(1).  40 C.F.R. § 81.321 (2010).

61.     The Baltimore area has an attainment date of November 15, 2005 for the 1-Hour Ozone standard.  See 66 Fed. Reg. 54666 (October 30, 2001).

62.     Thus, pursuant to 42 U.S.C §§ 7509(c)(1) and 7511(b)(2)(A) EPA is required to determine by no later than May 15, 2006 whether the Baltimore area attained the 1-Hour Ozone National Ambient Air Quality Standard by the applicable attainment date.

63.     EPA is required to publish notice of this determination in the Federal Register.  42 U.S.C. §§ 7509(c)(2) and 7511(b)(2)(B).

64.     EPA has failed to make the required attainment determination for the Baltimore area.

65.     EPA has also failed to publish notice of this determination in the Federal Register.

66.     The New York portion of the New York-Northern New Jersey-Long Island area is classified as a "Severe 17" nonattainment area for the 1-Hour Ozone standard under 42 U.S.C. § 7511(a)(1).  40 C.F.R. § 81.333 (2010).

67.     The New York portion of the New York-Northern New Jersey-Long Island area has an attainment date of November 15, 2007 for the 1-Hour Ozone standard.  40 C.F.R. § 52.1683(i)(6) (2009).

68.     Thus, pursuant to 42 U.S.C §§ 7509(c)(1) and 7511(b)(2)(A) EPA is required to determine by no later than May 15, 2008 whether the New York portion of the New York-Northern New Jersey-Long Island area attained the 1-Hour Ozone National Ambient Air Quality Standard by the applicable attainment date.

69.     EPA is required to publish notice of this determination in the Federal Register.  42 U.S.C. §§ 7509(c)(2) and 7511(b)(2)(B).

70.     EPA has failed to make the required attainment determination for the New York portion of the New York-Northern New Jersey-Long Island area.

71.     EPA has also failed to publish notice of this determination in the Federal Register.

72.     The New Jersey portion of the New York-Northern New Jersey-Long Island area is classified as a "Severe 17" nonattainment area for the 1-Hour Ozone standard under 42 U.S.C. § 7511(a)(1).  40 C.F.R. § 81.331 (2010).

73.     The New Jersey portion of the New York-Northern New Jersey-Long Island area has an attainment date of November 15, 2007 for the 1-Hour Ozone standard.  See 67 Fed. Reg. 5152, 5156 (February 4, 2002).

74.     Thus, pursuant to 42 U.S.C §§ 7509(c)(1) and 7511(b)(2)(A) EPA is required to determine by no later than May 15, 2008 whether the New Jersey portion of the New York-Northern New Jersey-Long Island area attained the 1-Hour Ozone National Ambient Air Quality Standard by the applicable attainment date.

75.     EPA is required to publish notice of this determination in the Federal Register.  42 U.S.C. §§ 7509(c)(2) and 7511(b)(2)(B).

76.     EPA has failed to make the required attainment determination for the New Jersey portion of the New York-Northern New Jersey-Long Island area.

77.     EPA has also failed to publish notice of this determination in the Federal Register.

78.     The Connecticut portion of the New York-Northern New Jersey-Long Island area is classified as a "Severe 17" nonattainment area for the 1-Hour Ozone standard under 42 U.S.C. § 7511(a)(1).  40 C.F.R. § 81.307 (2010).

79.     The Connecticut portion of the New York-Northern New Jersey-Long Island area has an attainment date of November 15, 2007 for the 1-Hour Ozone.  See 66 Fed. Reg. 63921, 63933 (Dec. 11, 2001).

80.     Thus, pursuant to 42 U.S.C §§ 7509(c)(1) and 7511(b)(2)(A) EPA is required to determine by no later than May 15, 2008 whether the Connecticut portion of the New York-

Northern New Jersey-Long Island area attained the 1-Hour Ozone National Ambient Standard by the applicable attainment date.

81.     EPA is required to publish notice of this determination in the Federal Register.  42 U.S.C. §§ 7509(c)(2) and 7511(b)(2)(B).

82.     EPA has failed to make the required attainment determination for the Connecticut portion of the New York-Northern New Jersey-Long Island area.

83.     EPA has also failed to publish notice of this determination in the Federal Register.

84.     Accordingly, EPA is in violation of its mandatory duty under 42 U.S.C §§ 7509(c)(1) and 7511(b)(2)(A) to make an attainment determination for the 1-Hour Ozone nonattainment areas of Houston-Galveston-Brazoria, Baltimore, and the New York, New Jersey and Connecticut portions of the New York-Northern New Jersey-Long Island area.

85.     EPA is also in violation of its mandatory duty under 42 U.S.C. §§ 7509(c)(2) and 7511(b)(2)(B) to publish notice in the Federal Register of the required attainment determinations for the 1-Hour Ozone nonattainment areas of  Houston-Galveston-Brazoria, Baltimore, and the New York, New Jersey and Connecticut portions of the New York-Northern New Jersey-Long Island area.

### CLAIM TWO
(EPA's Failure to Make a Determination of Attainment by the
Applicable Attainment Date for Nonattainment Areas
Classified as Serious or lower the 1-Hour Ozone Standard)

86.     Plaintiff incorporates by reference paragraphs 1 through 85.

87.     Pursuant to 42 U.S.C §§ 7509(c)(1) and 7511(b)(2)(A), EPA has a mandatory duty to determine "not later than 6 months after [the applicable attainment date]" whether an area designated as nonattainment for ozone has attained the National Ambient Air Quality Standard.

88.     EPA also has a mandatory duty to publish notice in the Federal Register of its determination as to whether an area has attained a National Ambient Air Quality Standard pursuant to 42 U.S.C. §§ 7509(c)(2) and 7511(b)(2)(B).

89.     These duties still apply to the 1-Hour Ozone National Ambient Air Quality Standard. See e.g. 42 U.S.C. § 7502(e).

90.     The Springfield (Western Massachusetts) area is classified as a "Serious" nonattainment area for the 1-Hour Ozone standard.  40 C.F.R. § 81.322 (2010).

91.     The attainment date for the Springfield (Western Massachusetts) area is December 31, 2003.  40 C.F.R. § 52.1129(b) (2009).

92.     Thus, pursuant to 42 U.S.C §§ 7509(c)(1) and 7511(b)(2)(A) EPA is required to determine by no later than June 31, 2004 whether the Springfield (Western Massachusetts) area attained the 1-Hour Ozone National Ambient Air Quality Standard by the applicable attainment date.

93.     EPA is required to publish notice of this determination in the Federal Register.  42 U.S.C. §§ 7509(c)(2) and 7511(b)(2)(B).

94.     EPA has failed to make the required attainment determination for the Springfield (Western Massachusetts) area.

95.     EPA has also failed to publish notice of this determination in the Federal Register.

96.     The Greater Connecticut area is classified as a "Serious" nonattainment area for the 1-Hour Ozone standard.  40 C.F.R. § 81.307 (2010).

97.     The attainment date for the Greater Connecticut area is November 15, 2007.  40 C.F.R. § 52.377(b) (2010).

98.     Thus, pursuant to 42 U.S.C §§ 7509(c)(1) and 7511(b)(2)(A) EPA is required to determine by no later than May 15, 2008 whether the Greater Connecticut area attained the 1-Hour Ozone National Ambient Air Quality Standard by the applicable attainment date.

99.     EPA is required to publish notice of this determination in the Federal Register.  42 U.S.C. §§ 7509(c)(2) and 7511(b)(2)(B).

100.    EPA has failed to make the required attainment determination for the Greater Connecticut area.

101.    EPA has also failed to publish notice of this determination in the Federal Register.

102.    The New Hampshire portion of the Boston-Lawrence-Worcester area is classified as a "Serious" nonattainment area for the 1-Hour Ozone standard.  40 C.F.R. § 81.330 (2010).

103.    The attainment date for the New Hampshire portion of the Boston-Lawrence-Worcester area is November 15, 2007.  40 C.F.R. § 52.1534(b) (2009).

104.    Thus, pursuant to 42 U.S.C §§ 7509(c)(1) and 7511(b)(2)(A) EPA is required to determine by no later than May 15, 2008 whether the New Hampshire portion of the Boston-Lawrence-Worcester area attained the 1-Hour Ozone National Ambient Air Quality Standard by the applicable attainment date.

105.    EPA is required to publish notice of this determination in the Federal Register.  42 U.S.C. §§ 7509(c)(2) and 7511(b)(2)(B).

106.    EPA has failed to make the required attainment determination for the New Hampshire portion of the Boston-Lawrence-Worcester area.

107.    EPA has also failed to publish notice of this determination in the Federal Register.

108.    The Massachusetts portion of the Boston-Lawrence-Worcester (Eastern Massachusetts)
area is classified as a "Serious" nonattainment area for the 1-Hour Ozone standard. 40 C.F.R. §
81.322 (2010).

109.    The attainment date for the Massachusetts portion of the Boston-Lawrence-Worcester
(Eastern Massachusetts) area is November 15, 2007. 40 C.F.R. § 52.1129(d) (2009).

110.    Thus, pursuant to 42 U.S.C §§ 7509(c)(1) and 7511(b)(2)(A) EPA is required to
determine by no later than May 15, 2008 whether the Massachusetts portion of the Boston-
Lawrence-Worcester (Eastern Massachusetts) area attained the 1-Hour Ozone National Ambient
Air Quality Standard by the applicable attainment date.

111.    EPA is required to publish notice of this determination in the Federal Register. 42 U.S.C.
§§ 7509(c)(2) and 7511(b)(2)(B).

112.    EPA has failed to make the required attainment determination for the Massachusetts
portion of the Boston-Lawrence-Worcester (Eastern Massachusetts) area.

113.    EPA has also failed to publish notice of this determination in the Federal Register.

114.    Accordingly, EPA is in violation of its mandatory duty under 42 U.S.C §§ 7509(c)(1) and
7511(b)(2)(A) to make an attainment determination for the 1-Hour Ozone nonattainment areas of
Springfield (Western Massachusetts), Greater Connecticut, and the New Hampshire and
Massachusetts portions of the Boston-Lawrence-Worcester (Eastern Massachusetts) area.

115.    EPA is also in violation of its mandatory duty under 42 U.S.C. §§ 7509(c)(2) and
7511(b)(2)(B) to publish notice in the Federal Register of the required attainment determinations
for the 1-Hour Ozone nonattainment areas of Springfield (Western Massachusetts), Greater
Connecticut, and the New Hampshire and Massachusetts portions of the Boston-Lawrence-
Worcester (Eastern Massachusetts) area.

## REQUEST FOR RELIEF

WHEREFORE, Sierra Club respectfully requests that the Court:

A.    Declare that the Administrator is in violation of the Clean Air Act with regard to

her failure to perform each mandatory duty listed above;

B.    Issue a mandatory injunction requiring the Administrator to perform her mandatory

duties by a certain date;

C.    Retain jurisdiction of this matter for purposes of enforcing the Court's order;

D.    Grant Sierra Club its reasonable costs of litigation, including attorneys' and expert

witness fees; and

E.    Grant such further relief as the Court deems proper.

Respectfully submitted,

/s Robert Ukeiley

Robert Ukeiley
DDC Bar No. MD 14062
Law Office of Robert Ukeiley
435R Chestnut Street, Ste. 1
Berea, KY 40403
Tel: (859) 986-5402
Fax: (866) 618-1017
Email: rukeiley@igc.org

Counsel for Sierra Club

Dated: January 12, 2011